## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND
### (Northern District)

| | | |
|---|---|---|
| JARED T. BREEN | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1:18-cv-01943-DKC |
| 7TH INNING STRETCH, LP, *et al.* | * | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant, 7th Inning Stretch, LP, by and through its attorneys, John J. Doud and Matthew J. Bernhardt, for Answer to the Amended Complaint filed by the Plaintiff, Jared T. Breen, states as follows:

## PRELIMINARY MATTERS

The Amended Complaint fails to state a claim upon which relief can be granted.

## SPECIFIC RESPONSES

1.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 1 of the Amended Complaint and therefore denies the same.

2.     The Defendant admits the allegations of paragraph 2.

3.     The Defendant admits that Defendant Wicomico County is a municipality and local government in the State of Maryland but is without sufficient information to admit or deny the balance of the allegations of paragraph 3 of the Amended Complaint and therefore denies the same.

4.     The allegations of paragraph 4 contain conclusions of law that require no response. Insofar as paragraph 4 can be construed to contain factual allegations, they are so denied.

5.      The allegations of paragraph 5 contain conclusions of law that require no response. Insofar as paragraph 5 can be construed to contain factual allegations, they are so denied.

6.      The Defendant admits that the Plaintiff was drafted by the Baltimore Orioles but is without sufficient information to admit or deny the balance of the allegations of paragraph 6 of the Amended Complaint and therefore denies the same.

7.      The Defendant admits the allegations of paragraph 7 of the Amended Complaint.

8.      The Defendant admits the allegations of paragraph 8 of the Amended Complaint.

9.      The Defendant is without sufficient information to admit or deny the allegations of who planned, designed, developed and oversaw construction of the Stadium as alleged in paragraph 9 of the Amended Complaint and therefore denies the same. Defendant denies the stadium opened in 2006.

10.     The Defendant admits that it leases the Stadium from Defendant Wicomico County as alleged in paragraph 10 of the Amended Complaint.

11.     The Defendant denies the allegations of paragraph 11 of the Amended Complaint.

12.     The allegations of paragraph 12 contain mixed statements of law and fact.  The legal conclusions require no response and are denied to the extent they can be construed to contain factual allegations. The Defendant admits that the Wall does not contain padding.  Further answering, the Plaintiff was at all times aware of the location of the Wall in the Stadium and the condition of the Wall.

13.     The Defendant admits that there was a game on July 3, 2015 and that the game was well attended but is without sufficient information to admit or deny the balance allegations of paragraph 13 of the Amended Complaint and therefore denies the same.

14.     The Defendant admits that Plaintiff played shortstop but is without sufficient information to admit or deny the allegations of paragraph 14 of the Amended Complaint and therefore denies the same.

15.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 15 of the Amended Complaint and therefore denies the same.

16.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 16 of the Amended Complaint and therefore denies the same.

17.     The Defendant is without sufficient information to admit or deny the allegations of the extent of Plaintiff's alleged injuries as stated in paragraph 17 of the Amended Complaint and therefore denies the same.  The Defendant admits that medical personnel attended to the Plaintiff and that an ambulance transported Plaintiff away from the stadium.

18.     The Defendant is without sufficient information to admit or deny the allegations of the extent of Plaintiff's alleged injuries as stated in paragraph 18 of the Amended Complaint and therefore denies the same.

19.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 19 of the Amended Complaint and therefore denies the same.

20.     In response to paragraph 20, the Defendant incorporates and alleges all answers to prior allegations as if fully set forth herein.

21.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 21 of the Amended Complaint and therefore denies the same.

22.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 22 of the Amended Complaint and therefore denies the same.

23.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 23 of the Amended Complaint and therefore denies the same.

24.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 24 of the Amended Complaint and therefore denies the same.

25.     In response to paragraph 25, the Defendant incorporates and alleges all answers to prior allegations as if fully set forth herein.

26.     The allegations of paragraph 26 contain mixed statements of law and fact.  The legal conclusions require no response and are denied to the extent they can be construed to contain factual allegations. The Defendant denies the balance of the factual allegations of paragraph 26 of the Amended Complaint.

27.     The allegations of paragraph 27 contain mixed statements of law and fact.  The legal conclusions require no response and are denied to the extent they can be construed to contain factual allegations. The Defendant denies the balance of the factual allegations of paragraph 27 of the Amended Complaint.

28.     The allegations of paragraph 28 contain mixed statements of law and fact.  The legal conclusions require no response and are denied to the extent they can be construed to contain factual allegations. The Defendant denies the balance of the factual allegations of paragraph 28 of the Amended Complaint and objects to Plaintiff's attempt to introduce evidence of alleged subsequent remedial measures.

29.     The allegations of paragraph 29 contain mixed statements of law and fact.  The legal conclusions require no response and are denied to the extent they can be construed to contain factual allegations. The Defendant denies the balance of the factual allegations of paragraph 29 of the Amended Complaint.

30.     In response to paragraph 30, the Defendant incorporates and alleges all answers to prior allegations as if fully set forth herein.

31.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 31 of the Amended Complaint and therefore denies the same.

32.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 33 of the Amended Complaint and therefore denies the same.

33.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 33 of the Amended Complaint and therefore denies the same.

## GENERAL DENIAL OF LIABILTY

Defendant specifically denies all claims and allegations set forth by the Plaintiff, except those specifically admitted herein.

## AFFIRMATIVE DEFENSES

A.     Plaintiff's claims are barred by the applicable Statute of Limitations.

B.     Plaintiff's claims are barred by his contributory negligence.

C.     Plaintiff's claims are barred by his assumption of the risk of injury and damage.

D.     Plaintiff's claims are barred by the doctrine of laches.

E.     Plaintiff's claims are barred by the doctrine of release.

F.     Plaintiff's claims are barred by the doctrine of waiver.

G.     The Defendant did not commit the wrongs as alleged.

H.     The Defendant states that it intends to rely on other affirmative defenses which may become available or apparent during discovery, and hereby reserves the right to amend its Answer to assert such defenses.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint and award Defendant any further relief the Court deems appropriate.

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

BY:      */s/    Matthew J. Bernhardt*
John J. Doud (Fed. Bar 17387)
Matthew J. Bernhardt (Fed. Bar 18947)
125 West Street, Fourth Floor
Annapolis, Maryland 21401
(410) 268-6600
(410) 269-8409 fax
Email: Doud@CouncilBaradel.com
Email: Bernhardt@CouncilBaradel.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2018, a copy of the foregoing paper was e-filed with the Clerk of this Court using the Court's CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Russell J. Pope, Esq.
500 York Road
Towson, Maryland 21204
***Attorneys for Plaintiff***

Christine T. Altemus, Esq.
Matthew D. Peter, Esq.
7225 Parkway Drive
Hanover, MD  21076
***Attorney for Defendant***
***Wicomico County, Maryland***

*/s/    Matthew J. Bernhardt*
MATTHEW J. BERNHARDT